### ALVIS WELKER v. THE STATE.

No. 12119. Delivered June 19, 1929.
Rehearing denied January 22, 1930.
Reported in 23 S. W. (2d) 388.

The opinion states the case.

*J. S. Jameson* of Fayetteville, Ark., and *Donald, Derden & Donald* of Bowie, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquors for the purpose of sale; penalty, two years in the penitentiary.

The insufficiency of the evidence is vigorously argued.

Searching officers found in the home of appellant a half gallon fruit jar sitting on the table with about a pint of whiskey in it. There was also a little whiskey glass sitting by this jar to drink out of. There was also found in the house a case of whiskey bottles. In the back yard they found a lot of empty fruit jars and bottles, about fifty or seventy-five, which were empty. An examination of some of them disclosed the odor of whiskey. In the toilet nearby they found nineteen jars of whiskey, nine of red and ten of white. This was underneath the floor. It was reached by lifting up a loose plank in the floor, which disclosed the presence of the whiskey in the toilet. This search was made on the 23rd day of March. The argument is that appellant was absent from home and that a stranger had been seen about his premises during his absence who could have left the whiskey in question. It was shown that appellant had been to Amarillo. His wife testified that he returned on the 21st of March. In the meantime, while staying elsewhere, she had been at the house attending to the things at short intervals until he came home on the night of the 21st. She testified that he was at home on Thursday morning and left and returned home about seven

o'clock Thursday evening, the 22nd. She and appellant spent Thursday night at home; that they left home the morning of the raid about nine o'clock and did not return until after the search was made. The County Attorney testified that he was present at the search and that at that time he saw the appellant in a car approach the house, look in same and drive away. The County Attorney then went to town and returned shortly and the same car in which appellant rode the first time was at that time going away from the direction of the house. The car was followed and appellant was arrested in this car a few minutes later on the streets of Nocona.

Without analyzing this evidence, suffice it to say that it presented a jury question as to whether or not appellant was in legal possession of the whiskey in question or whether it was deposited there in his absence by the evaporative individual seen by witnesses prior to the raid. The evidence was sufficient, in our opinion, to sustain the conviction.

The legality of the search is under attack because the search warrant was based upon an affidavit which itself was made upon information and belief and which did not describe the toilet in question. The affidavit is in part as follows: '

"A certain room, house, building, barn, outhouses and premises situated in the southwest part of the town of Nocona, Montague County, Texas, about six blocks from the MK&T Railroad depot, being now occupied by Rusty Welker" (being the nickname of appellant).

That this is based upon the following facts:

"That L. G. Groves has made an affidavit that on Thursday night, March 22nd, 1928, he went with two men in a Ford coupe to the house above described, which he has been told is the house of Rusty Welker, and there got two pints of liquor, from one of the men that went there with him, that he paid two dollars for said liquor. * * *"

The affidavit further proceeds:

"That the parties having charge of said above described premises, unlawfully possesses for the purpose of sale * * * and unlawfully sells intoxicating liquors in and on said above described premises * * * and that the said parties * * * did on or about the 23rd day of March, 1928, keep and was interested in keeping said above described premises * * * to be used for the purpose of * * * selling * * * intoxicating liquors in violation of the law."

One of the searching officers testified that the toilet was within the same inclosure as appellant's house; that there were no houses

closer to the toilet than Rusty Welker's, which was about seventy yards away, and that the toilet was facing towards the house.

We think the search of the toilet was permissible under the allegations of the affidavit for search warrant above set out.

It was not upon information and belief, though it contained an exhibition of the information possessed by affiants showing the existence of probable cause. This is all that was necessary to take it out of the rule laid down in Chapin v. State, 296 S. W. 1095. Rozner v. State, 109 Tex. Crim. Rep. 127, 3 S. W. (2nd) 441.

Nor is there any merit in the claim that it came within the rule announced in the recent case of Green v. State, 12 S. W. (2nd) 790. The substance and meaning of the allegations are that the house was a place where intoxicating liquors were kept for sale and sold. This was sufficient under Art. 691, P. C. Green v. State, supra.

Complaint is made that the charge on the definition of "possession" was not full enough. Several special charges amplifying same were asked. The Court charged the jury on this phase of the case:

"By the term 'possess' as used in this charge is meant the actual personal control, care and management of the liquor, so in this case if the evidence raises in your mind a reasonable doubt as to whether defendant possessed intoxicating liquor, you will acquit him."

Under the facts and issues found in this record, we think this was a sufficient presentation of the question. Barnes v. State, 102 Tex. Crim. Rep. 155; Thomas v. State, 89 Tex. Crim. Rep. 609; Smith v. State, 90 Tex. Cr. Rep. 273; Vernon's P. C., Art. 666, Note 32.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges twelve grounds for rehearing, a number of same being based on the refusal of special charges, in substance, that before the jury would be justified in convicting they must find beyond a reasonable doubt that the appellant had the actual personal care, control and management of the liquor in question. The court charged the jury that by the term "possess" as used in the charge was meant the actual personal control and management of the liquor. We think this amply sufficient,

and that no error appears in the refusal of any of the special charges on the points referred to. Other contentions are that the evidence did not show appellant to be in control, care and management of the liquor in question. Part of the liquor was found in appellant's house, and part in a toilet in the yard, which was in the same enclosure as the house, and other testimony showed the presence of bottles, cases, etc. According to the State's testimony appellant was on the premises just before the officers made the search. These facts would seem to justify the jury's conclusion that the liquor found was in the actual personal care, control and management of the appellant. It is otherwise contended that the court erred in holding the testimony of the facts discovered by the search of the toilet, to be admissible, it being contended that the affidavit for the search warrant did not comprehend the toilet. The affidavit is sufficiently set out in our original opinion to show the incorrectness of appellant's contention in this regard. Specific mention is made in the affidavit of the "outhouses." This would include a toilet in the yard.

Being unable to agree with any of the contentions made, the motion for rehearing is overruled.

*Overruled.*