# MARCH 1, 1933

## STEVE ALEXANDER V. THE STATE.

No. 15006.   Delivered April 20, 1932.
Rehearing Denied March 1, 1933.
Reported in 57 S. W. (2d) 157.

The opinion states the case.

*Woolworth & Baker,* of Carthage, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Having a search warrant in hand, apparently regular, officers searched appellant's house on August 1, 1931, and found therein a quantity of intoxicating liquor. If admissible, the evidence was amply sufficient.

The jurat to the written affidavit upon which the search warrant was based, reads as follows:

"Sworn to and subscribed before me by J. S. Gholston and B. W. Reed, two credible persons, on this — day of — A.D. 192—.

"D. P. Donavan, Justice of the Peace,
Precinct No. —, Texas."

The endorsement on the back of said written affidavit was as follows:

"File No. 1996, The State of Texas vs. Steve Alexander, Complaint Filed 1st day of Aug. 1931.

"(Signed) D. P. Donavan, Justice of the Peace, Precinct No. 1, Panola County, Texas."

Two grounds of objection were presented to the trial court against the reception of the evidence of what the officers found in their search: First, that the affidavit was made on information and belief, and failed to set out any facts upon which such

belief rested; second, that same was void, not bearing any date or stating either the county or precinct of the residence of the officer purporting to have administered the oath.

As to the first complaint, the written affidavit contains the following: "This affidavit is based upon the following facts, circumstances and information, to-wit: That said residence is a place where intoxicating liquors are manufactured or sold in violation of the laws of this state."

This we regard as a direct averment that intoxicating liquor was being made or sold at appellant's said residence. Ware v. State, 110 Texas Crim. Rep. 90; Bird v. State, 110 Texas Crim. Rep., 99; Chapin v. State, 107 Texas Crim. Rep., 477; Harris v. State, 112 Texas Crim. Rep. 219; Stanzel v. State, 112 Texas Crim. Rep. 628; Torres v. State, 113 Texas Crim. Rep., 1; Welker v. State, 114 Texas Crim. Rep., 387; Antner v. State, 114 Texas Crim. Rep., 248.

As to the other ground, article 310 of our Code of Criminal Procedure states that a search warrant may be issued by a magistrate when a written, sworn complaint is made to him, which contains four requisites, named. It is not laid in said article as a requirement that such written complaint be dated, or that the name of the precinct or county of the residence or jurisdiction of the magistrate be set forth. If we look to article 415, C. C. P., it provides that an affidavit for information may be made before any officer authorized to administer oaths; while article 23, Rev. Civ. Stats., 1925, defines an affidavit as a statement in writing of a fact or facts, signed by the party making it, and sworn to before some officer authorized to administer oaths. We have no statutory definition of "Affidavit" in our Penal Code or Code of Criminal Procedure.

In the case of Order of Aztecs v. Noble, 174 S. W., 623, in a well-reasoned opinion, our Court of Civil Appeals, speaking through the lamented Judge Rice, held that failure to date an affidavit was not fatal. The same thing was held by the Court of Appeals of Kentucky in the well-considered case of Blackburn v. Com., 261 S. W., 277, in which appears the apparently sound statement that the jurat is not part of the affidavit, under the great weight of authority, unless made so by statute. Nowhere in our statute is it required that the date be inserted in the jurat, or that it contain the number of the precinct or name the state of jurisdiction. See Maples v. Hicks, 3 Pa. Law J., 17; also Boren v. State, 192 S. W., 1063; Means v. State, 244 S. W., 149; Stanzel v. State, 18 S. W. (2d) 158. In the case of Gentry v. State, 62 Texas Crim. Rep., 497, this court held that the file mark on the back of the written com-

plaint might be looked to in appraising the sufficiency of the jurat. As in line with this and the Stanzel case, supra, attention is called to the recitals in the search warrant in the case before us which show that it was issued on August 1, 1931, the same date as that of the filing with the magistrate of the affidavit referred to, as appears from the file mark thereon, and in which we find this statement:

"Whereas, complaint has been made in writing and under oath, before me by J. S. Gholston and B. W. Reed, two credible persons, alleging that they have reason to believe and do believe that there is, *on this date,* * * * whisky, wine, beer, etc., being sold and manufactured in said private dwelling, etc. It appearing upon examination, and after proper showing has been made, * * * that the conditions and violations as described in this warrant exist upon this, the date of the issuance hereof. * * * You are therefore commanded," etc.

"Witness my official signature on this the 1st day of August, A. D. 1931. D. P. Donovan, Justice of the Peace Precinct No. 1 of Panola County, Texas."

It appears without dispute that the affidavit was made before same magistrate who issued the search warrant. The sufficiency of the affidavit, as said by us in the Stanzel case, supra, "Was primarily for the magistrate to pass upon, it being apparent that he prepared both parts," etc. It being certified by the magistrate in said warrant in the instant case, officially signed by such magistrate, that the parties making said affidavit had sworn that *on the date of this warrant,* to-wit: August 1, 1931, appellant was selling and making whisky, etc., and upon examination and proper showing that such conditions did exist upon said date, that he found cause sufficient to authorize the issuance of the warrant. Such finding was within the power and jurisdiction of such magistrate, and was evidently regarded by the trial judge herein as res adjudicata, as far as he was concerned. We think he was correct, and that none of the contentions of appellant are sound. The Glenniwinkel case, 21 S. W. (2d) 514, cited by appellant, has only reference to the fact that the search warrant must be dated, which requirement is statutory, and does not in any way refer to the affidavit.

Not being able to agree with appellant's contention, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion for rehear-

ing upon tthe proposition that the affidavit upon which the search warrant is based was insufficient to show that the events and circumstances alleged therein were not so remote as to furnish no proper predicate for the warrant. The point now made seems not to have been urged in the court below. It is our opinion that the information upon which affiants based their affidavit, as set out in our original opinion, related to a then existing condition. Such was the evident impression made upon the magistrate who issued the warrant, for we find therein the following recital:

"It appears upon examination, and after proper showing has been made, and upon the allegations that the conditions and violations as described in this warrant *exist upon this, the date of the issuance thereof.*"

In Garza v. State, 48 S. W. (2d) 625, and Odom v. State, 50 S. W. (2d) 1103, the affidavit presents a different situation. The case of Hartless v. State, 50 S. W. (2d) 1097, is more like the one now before us.

The motion for rehearing is overruled.

*Overruled.*