**Dearl HARDY, Appellant,**

v.

**The STATE of Texas.**

**No. PD–0536–06.**

Court of Criminal Appeals of Texas.

Jan. 31, 2007.

James F. Keegan, Houston, for appellant.

Michael A. Mark, Asst. Dist. Atty., Liberty, Matthew Paul, State's Attorney, Austin, for State of Texas.

KELLER, P.J., delivered the unanimous opinion of the Court.

Appellant, the chief deputy of the Chambers County Sheriff's Office, was convicted of perjury. The State's theory at trial was

that he directed Deputy John Joslin to file a false affidavit charging Vernon Coates with committing the offense of driving while intoxicated. Joslin's affidavit specifically stated that he had been "duly sworn" and made the statements in the affidavit "on oath." The affidavit also contained Joslin's signature and a signed jurat, stating that the document was sworn to and subscribed before the notary public.

With some reluctance, and over the dissent of Justice Yates, the court of appeals found the evidence legally insufficient because "no witnesses testified that Joslin actually appeared before Carrington [the notary], that Carrington administered the oath to Joslin, or that Joslin signed the affidavit in Carrington's presence."[1] Although the court of appeals acknowledged the persuasiveness of the logic that a proper affidavit should substitute for live testimony, it felt constrained by our decision in *Lowry v. State*.[2] The *Lowry* Court held, based on the language of the perjury statute in effect at the time, that the evidence must show "the presence of the affiant before the person administering the oath" at the time the oath is executed.[3] The *Lowry* Court further found "that the officer's jurat, with proof of the signatures and authority of the officer to administer an oath," was not "sufficient evidence to establish that appellant appeared before the notary and *in his presence* did an unequivocal act by which he consciously took upon himself the obligation of an oath."[4]

However, the court of appeals overlooked Texas Penal Code § 37.07(b), which did not exist at the time *Lowry* was decided, and which provides:

It is no defense to prosecution under Section 37.02 (Perjury) or 37.03 (Aggravated Perjury) that a document was not sworn to if the document contains a recital that it was made under oath, the declarant was aware of the recital when he signed the document, and the document contains the signed jurat of a public servant authorized to administer oaths.

The Legislature has superseded *Lowry's* holding. The law no longer requires evidence in addition to the jurat to establish that the affiant personally appeared before the notary.

The judgment of the court of appeals is reversed and the case is remanded for the court to address appellant's remaining points of error.

---

1. *Hardy v. State*, 187 S.W.3d 678, 683 (Tex. App.-Houston [14th Dist.] 2006).

2. *Id.* at 682–684 (discussing *Lowry v. State*, 164 Tex.Crim. 178, 297 S.W.2d 848 (1956)).

3. *Lowry*, 164 Tex.Crim. at 182–183, 297 S.W.2d at 850–851.

4. *Id.* (Emphasis added.)