

# IN THE
## TENTH COURT OF APPEALS

_____

### No. 10-09-00355-CR

_____

**SARA KATHERINE CLAY,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

_____

**From the County Court at Law
Hill County, Texas
Trial Court No. M1029-08**

_____

## O P I N I O N

_____

This case presents an extraordinarily important issue of first impression to this Court and an issue not yet decided by the Court of Criminal Appeals.  The issue is whether an affidavit filed in support of a search warrant must be upon an oath administered by a person authorized to take an oath in a face-to-face meeting with the affiant.  The particular context in which the issue is presented in this case is whether an oath administered by a judge over the telephone to the affiant is properly used to obtain a search warrant when the affiant, after making the oath, signs the affidavit and faxes it

to the judge who then, based on the facts sworn to in the affidavit, issues a warrant to seize blood from a driver who is suspected of driving while intoxicated. The only other court in the state to squarely address this issue did so in an unpublished opinion and determined an oath administered without being face-to face with the affiant will not support the affidavit and therefore seizure of evidence under the warrant thus obtained must be suppressed, absent some exception to the warrant requirement. *See Aylor v. State*, No. 12-09-00460-CR, 2011 Tex. App. LEXIS 3274 (Tex. App.—Tyler April 29, 2011, pet. ref'd). We disagree with the holding in *Aylor* and hold that an oath for an affidavit may be administered over the telephone and will support a search warrant and the related seizure of evidence.[1]

Sara Katherine Clay was charged with the offense of driving while intoxicated. TEX. PENAL CODE ANN. § 49.04(b) (West Supp. 2011). After the trial court denied her motion to suppress, Clay pled guilty and the trial court sentenced her to three days in jail with a fine of $1,500. Clay appeals. Because the trial court did not err in denying Clay's motion to suppress, the trial court's judgment is affirmed.

---

[1] Other courts have been presented with a fact pattern with some of the same characteristics. Different results have occurred. *See Gravitt v. State*, No. 05-10-01195-CR, 2011 Tex. App. LEXIS 8675 (Tex. App.—Dallas Nov. 2, 2011, no pet. h.); *Hughes v. State*, 334 S.W.3d 379 (Tex. App.—Amarillo, no pet.); *Swenson v. State*, No. 05-09-00607-CR, 2010 Tex. App. LEXIS 1832 (Tex. App.—Dallas Mar. 16, 2010, no pet.). In *Hughes* and *Gravitt*, the courts did not reach the issue because the affidavit was signed by a notary before it was faxed to the judge in support of the warrant. In *Swenson*, the court did not address the issue but rather validated the seizure on the good faith exception to the warrant requirement. Such a holding could have the collateral impact of invalidating any subsequent use of the telephonically administered oath as a good faith exception to the oath/warrant requirement.

In two issues, Clay asserts that the trial court erred in denying her motion to suppress because the officer who submitted the affidavit in support of the search warrant to take a blood specimen from Clay did not personally appear in a face-to-face meeting with the magistrate to swear to the truthfulness of the facts in the affidavit; and thus, her argument continues, the affidavit was invalid. We will discuss her two issues together.

## BACKGROUND

In lieu of a hearing on the motion to suppress, the parties submitted stipulated facts and briefs in support of and in response to Clay's motion to suppress. According to the stipulated facts, Clay was stopped for speeding by Department of Public Safety Trooper J. Ortega. After administering field sobriety tests and making other observations, Ortega believed he had probable cause to arrest, and did arrest, Clay for driving while intoxication. Clay refused to take a breath test. Ortega then filled out an Affidavit for Search Warrant to take a blood specimen from Clay. Ortega called Hill County Court at Law Judge A. Lee Harris and spoke to him by telephone. Ortega and Judge Harris each recognized the other's voice. During the phone conversation, Ortega swore to and signed the Affidavit for Search Warrant. He did not sign the affidavit in the physical presence of Judge Harris. Ortega faxed the signed affidavit to Judge Harris who then also signed the affidavit and also signed a Search Warrant for Blood and an

Order for Assistance in Execution of Search Warrant. Judge Harris faxed the order back to Ortega. Clay's blood was then drawn.

## STANDARD OF REVIEW

A trial court's ruling on a motion to suppress is reviewed on appeal for abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). We review the record in the light most favorable to the trial court's conclusion and reverse the judgment only if it is outside the zone of reasonable disagreement. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We sustain the lower court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id*. Further, we give almost total deference to a trial court's express or implied determination of historical facts and review de novo the court's application of the law of search and seizure to those facts. *Id*.

## ARTICLE 18.01

Clay asserts that Texas law currently requires an affiant of a search warrant affidavit to personally appear in a face-to-face meeting with the individual administering the oath in order for the affidavit to be valid. We disagree with Clay's assertion.

Article 18.02 of the Texas Code of Criminal Procedure authorizes the issuance of a warrant to seize blood. *See* TEX. CODE CRIM. PROC. ANN. art. 18.02(10) (West 2005); *Gentry v. State*, 640 S.W.2d 899, 902 (Tex. Crim. App. 1982). A search warrant may not

issue, however, "unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested."[2] TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2011). There is no definition for the word "affidavit" in the Penal Code or in the Code of Criminal Procedure.[3]

Virtually all United States authority for the search for, or seizure of, evidence for use in a criminal proceeding emanates from the interpretation of the Fourth Amendment to the United States Constitution. And the Fourth Amendment to the United State Constitution does not require a face-to-face confrontation between the magistrate and the affiant. U.S. CONST. AMEND. IV. ("…no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, …"); *United States v. Bueno-Vargas*, 383 F.3d 1104, 1111 (9th Cir. 2004). The moral, religious, and legal significance

---

[2] We note that article 18.01(b) does not require that the affidavit that is "filed in every instance" must be presented to the magistrate before the search warrant is issued. Rather, the requirement is that sufficient facts must be presented to satisfy the magistrate that probable cause exists for issuance of a search warrant. Thus, in an appropriate case, it may be suitable to reduce the testimony an officer gives on oath over the telephone to a writing and filed even after the warrant is issued. *See United States v. Turner*, 558 F.2d 46 (2d Cir. 1977). We need not decide that issue in this proceeding.

[3] In 2011, the legislature approved the use of an "Unsworn Declaration" in lieu of an affidavit. The use of the prescribed form satisfies any requirement that a document have "a written sworn declaration, verification, certification, oath, or affidavit." This statute is contained in the Civil Practice and Remedies Code section 132.001. The Code of Criminal Procedure uses the term "affidavit." The definition of "affidavit" that has been used in some criminal cases comes from the Government Code. To the extent that the Government Code definition of affidavit is utilized in criminal proceedings, we see no reason why the unsworn declaration provision from the Civil Practice and Remedies Code would not also apply. However, we express no opinion in relation to its use in connection with the issuance of a search warrant at this time as it is unnecessary to the disposition of this proceeding.

of the undertaking remains the same whether the oath taker and the witness communicate face-to-face or over the telephone. *United States v. Turner*, 558 F.2d 46, 50 (2d Cir. 1977). Rule 41 of the Federal Rules of Criminal Procedure expressly authorizes obtaining search warrants via telephone. FED. R. CRIM. P. 41. And, in the Federal setting, even if Rule 41 is not followed, only a showing of "intentional and deliberate disregard of a provision in the Rule" or a showing of prejudice requires suppression of evidence. *Turner*, 558 F.2d at 52.

In *Turner*, an argument that the search warrant was defective because it did not issue on either an affidavit sworn to in the physical presence of a state judge or oral testimony personally given by the affiant did not require suppression. *Id*. at 52, 53. Further, as the Second Circuit Court so aptly stated over 30 years ago:

> In the one hundred years since Alexander Graham Bell invented the telephone, Long Distance has truly become, in the words of the well-known advertisement, "the next best thing to being there."

*Id*.[4] Thus, it is clear from federal precedent interpreting the Fourth Amendment and made applicable to the states through the Fourteenth Amendment that the Fourth Amendment does not contain a face-to-face, or physical presence, requirement between the affiant and the person administering the oath.

---

[4] Since that popular commercial aired, we have had huge technological advances. Communication now includes not only the ability to send pictures of the affiant, but also the ability to transmit live streaming video via Skype and other services.

We now turn to article 18.01 which Clay contends does have such a requirement. But there appears to be little difference between article 18.01 and the Fourth Amendment warrant requirement of the United States Constitution. The statute, as the Texas legislature is sometimes inclined to do, is simply a codification of the federal warrant requirement, s*ee e.g.* TEX. CODE CRIM. PROC. ANN. art. 1.10 (West 2005) (state statutory version of the constitutional double jeopardy clause) and art. 38.23 (West 2005) (state statutory version of the federal exclusionary rule), and for our purposes here, article 18.01 adds nothing to the constitutional requirement for an oath or affirmation.[5]

Clay relies on an opinion from this Court to support her argument that article 18.01 requires face-to-face communication. *See Hunter v. State*, 92 S.W.3d 596 (Tex. App.—Waco 2002, pet. ref'd). The question presented in *Hunter* was whether an unsigned search warrant affidavit made the search warrant invalid. This Court, relying on the definition of "affidavit" in section 312.011(1) of the Texas Government Code, held that the search warrant was invalid because the term "sworn affidavit," as used in article 18.01(b) of the Code of Criminal Procedure, required a writing signed by the affiant, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office. *Id*. at 602. *Hunter* is no longer the law.

---

[5] We note it *does* require that the sworn affidavit must be "filed" which implies a writing; but the issue before us does not involve the absence of a written document.

The Court of Criminal Appeals effectively overruled *Hunter* four years after its issuance. *See Smith v. State*, 207 S.W.3d 787 (Tex. Crim. App. 2006). In *Smith*, the Court of Criminal Appeals was presented with the same issue as in *Hunter*, that is, whether an unsigned affidavit in support of a search warrant invalidated the search warrant. The Court of Criminal Appeals held it did not if other evidence proved that the affiant personally swore to the truth of the facts in the affidavit before the magistrate who issued the warrant. *Id*. at 792.

In route to that decision, the Court of Criminal Appeals noted that article 18.01 of the Code of Criminal Procedure makes it clear that an affiant must swear that he has knowledge of the facts set out in the written affidavit and that it is then the neutral magistrate who must then determine that those facts establish probable cause. *Smith v. State*, 207 S.W.3d 787, 789-790 (Tex. Crim. App. 2006). The Court also noted that the United States Constitution simply provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." *Id*. at 790 (*quoting* U.S. CONST. amend. IV). But, the Court of Criminal Appeals observed, neither the statute nor the Constitution specifically require a signature; they only require an oath. *Id*. The Court of Criminal Appeals determined that it was the act of swearing, the taking of the oath, that was essential to the validity of the affidavit, not the officer's signature and that it was important for the law to retain some flexibility in the face of technological advances. *Id*.

at 792. *See also United States v. Turner*, 558 F.2d 46, 50 (2d Cir. 1977). The Court held that the signature of the affiant was not required. *Id*.

Clay also relies on two statements made by the Court of Criminal Appeals in *Smith* as authority for her conclusion that an affiant must be face-to-face with a magistrate when swearing to the facts necessary to establish probable cause. The first is the Court's statement that a missing signature would not invalidate a search warrant if other evidence proved that the affiant personally swore to the truth of the facts in the affidavit *before the issuing magistrate*. The Court did not analyze the issue in the context of a face-to-face meeting between the affiant and the magistrate; thus, this statement is not a holding that the affiant need be in the physical presence of the magistrate when swearing to the truth of the affidavit.

The second statement relied upon by Clay is a comment by the Court that, while recognizing innovations such as telephonic search warrants should not be foreclosed by the requirement of a signed affidavit, "[w]e leave those potential future changes to the Texas Legislature…." *Smith v. State*, 207 S.W.3d 787, 793 (Tex. Crim. App. 2006). This statement, Clay believes, is an acknowledgment that a procedure to obtain warrants by telephone and facsimile has not been authorized by statute, does not exist under Texas law, and therefore cannot be a valid practice in Texas at the present time.[6] We believe it

---

[6] We pause to note that the Tyler Court relied on the same portion of the Court of Criminal Appeal's opinion in *Smith* as does Clay to conclude that because "the current state of Texas law then, as alluded to in the above quoted dicta by the court of criminal appeals in *Smith*, is that a physical, personal

is not such an acknowledgement and certainly is not such a prohibition. As the Court stated, it is important for the law to retain some flexibility in the face of technological advances. *Id.* at 792. Had there been no flexibility in the statute, the *Smith* Court would have been compelled to hold that a signed affidavit was required. It did not. And thus, the statute is also flexible so as to allow for the taking of an oath over the telephone or by some other electronic means of communication under certain circumstances. That is the nature of the development of the common law. We must decide only the issue presented—in this case, is the affidavit invalid because it was not made on an oath administered face-to-face.

In her analysis of *Smith*, Clay neglects to include the last part of the sentence by the Court of Criminal Appeals which we believe is quite important. After stating, "[w]e leave those potential future changes to the Texas Legislature…." the Court continued, "…but we should not stand in the way of the future by declaring that all affidavits, which are properly sworn to but unsigned, are necessarily invalid." *Smith v. State*, 207 S.W.3d 787, 793 (Tex. Crim. App. 2006).

Likewise, we should not stand in the way of the future by declaring that all affidavits for search warrants sworn to over the telephone are necessarily invalid. We are not today deciding what the outer boundaries of such remote methods of making

---

appearance is necessary, either before the magistrate, or before someone who is qualified to administer oaths," an affiant must be physically present in front of the magistrate or other officer when swearing to the facts in an affidavit to support a search warrant. *Aylor v. State*, No. 12-09-00460-CR, 2011 Tex. App. LEXIS 3274, *11-12 (Tex. App.—Tyler April 29, 2011, pet. ref'd). For the reasons discussed in this opinion, we do not agree with the Tyler Court's conclusion.

oaths are acceptable as the legislature may do. Rather, we are only deciding if the procedure utilized is prohibited by the existing statute and hold that, under the facts of this case, it is not. We do not here define what procedural safeguards may be necessary if the officer and person administering the oath do not otherwise know each other and thus may not recognize each other's voice over the telephone.

Although the Government Code defines an affidavit as a writing signed by the maker and sworn to before an officer authorized to administer oaths, TEX. GOV'T CODE ANN. § 312.011(1) (West 2005), we agree with the *Smith* opinion that it is the act of swearing, the taking of the oath, that is essential to the validity of the affidavit. The purpose of the oath "is to call upon the affiant's sense of moral duty to tell the truth and to instill in him a sense of seriousness and responsibility." *Smith v. State*, 207 S.W.3d 787, 790 (Tex. Crim. App. 2006). The affidavit in this case provides, "The undersigned Affiant, being a peace officer under the laws of Texas and being duly sworn, on oath makes the following statement and accusations[.]" It is signed by Ortega as the affiant and includes a signed jurat stating that it was subscribed and sworn to before the magistrate.[7] In this instance, the personal familiarity of the trooper and the judge with

---

[7] At least in regard to the offense of perjury, no evidence in addition to the jurat is needed to establish that the statements were made upon an oath. *Hardy v. State*, 213 S.W.3d 916, 917 (Tex. Crim. App. 2007). We note that the Court of Criminal Appeals does reference physical presence of the notary. Such reference is not the issue of the opinion or the fact upon which the opinion turned and is, therefore, immaterial to the analysis. What was under review was whether there was any evidence that the false statements made in the body of the affidavit, the factual allegations, were made upon an oath. The Court held that the jurat alone was evidence that the statements were made upon an oath and, since the factual statements were false, constituted perjury. *Id*.

each other's voice provides very strong indicia of truthfulness, trustworthiness, and reliability so as to call upon Trooper Ortega's "sense of moral duty to tell the truth and instill in him a sense of seriousness and responsibility." *Id*.

Therefore, under the facts of this case, a face-to-face meeting between the trooper and the judge was not required and the making of the oath over the telephone did not invalidate the search warrant. Accordingly, the trial court did not err in denying Clay's motion to suppress.

**CONCLUSION**

Clay's two issues are overruled, and the trial court's judgment is affirmed.[8]


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Justice Davis concurring)
Affirmed
Opinion delivered and filed March 21, 2012
Publish
[CR25]

---

[8] Because of our disposition of Clay's issues, we need not address the State's response that the seizure should not be suppressed under the good faith exception to the warrant requirement.