ACCEPTED
03-14-00588-CR
4756281
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/3/2015 9:13:28 AM
JEFFREY D. KYLE
CLERK

# No. 03-14-00588-CR

In the
Court of Appeals
Third District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

4/3/2015 9:13:28 AM

JEFFREY D. KYLE
Clerk

---

**The State of Texas,**
Appellant

v.

**Hector Martinez,**
Appellee

---

Appeal from the 42th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-13-900228

---

## STATE'S REPLY BRIEF

---

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

To the Honorable Third Court of Appeals:

Now comes the State of Texas and files this reply brief.

### *Reply for Point One*

The defendant argues that, hypothetically, the officer could have begun the process of getting a warrant as early as 1:45 a.m., when he arrived at the BAT bus.[1]

The record does not support this assertion because there is no evidence that the officer had the ability to draft a search warrant affidavit (usually done on a computer), or to send the affidavit to a magistrate (email or fax), at the BAT bus. Thus, the officer still had to make his way to the jail, or the police department, or some other office, where he would have the ability to draw up an affidavit and send it to the magistrate.[2]

---

[1] Arrestees can give breath samples, which are tested for blood alcohol content, at the BAT bus. 2RR 62.

[2] The defendant also assumes that the officer could have obtained a warrant by phone, after sending the affidavit to the magistrate. But the legality of obtaining warrants by phone is not exactly on firm ground. To the contrary, telephonic warrants are subject to attack on a case-by-case basis. *See Clay v. State*, 391 S.W.3d 94, 104 (Tex. Crim. App. 2013).

### *Reply for Points Two and Three*

In its original brief, the State acknowledged an adverse opinion from the Court of Criminal Appeals that contradicted the arguments made by the State in Points Two and Three. *See State v. Villarreal*, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898 (Tex. Crim. App. Nov. 26, 2014) (finding mandatory blood draw unconstitutional).

The State wishes to inform the court that the Court of Criminal Appeals granted the State's motion for rehearing in *Villarreal* on February 25, 2015. *See id.*, 2015 Tex. Crim. App. LEXIS 201.

The State continues to press the arguments made in Points Two and Three since the court could issue a different decision upon rehearing, especially since the court was split 5-4 and three of the judges who joined the majority opinion have recently left the court.

### *Reply for Point Four*

In Point Four, the State argued that the Texas exclusionary rule does not apply because the police did not obtain the evidence in violation of the Fourth Amendment because, at the time of the blood draw, Texas case law clearly held that alcohol dissipation alone constituted exigent circumstances in DWI cases.

The defendant counters that the holding in *McNeely* is retroactive. The State agrees that the holding in *McNeely* is retroactive and applies to the defendant's case. But this does not mean that the exclusionary rules apply as well. Indeed, the Supreme Court has held that the federal exclusionary rule often does not apply even though a new holding is retroactive.

It is now up to Texas courts to decide whether the Texas exclusionary rule applies when the law changes after evidence is obtained. This will turn on how the courts interpret the language in the Texas exclusionary rule, codified in Tex. Code Crim. Proc. art. 38.23.

Again, the State's argument is that the Texas exclusionary rule does not apply when the law changes after evidence has been obtained because, in such a situation, the evidence was not actually obtained in violation of the law.

## Prayer

The State asks this Court to sustain its points of error, reverse the trial court's order suppressing the results of the blood analysis, and remand this case to the trial court for further proceedings.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

## Certificate of Compliance and Service

I hereby certify that this brief contains 676 words. I further certify that, on the 3rd day of April, 2015, a true and correct copy of this brief was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to the Appellee's attorney, John De la Vina, 702 Rio Grande, Austin, Texas 78701.

**Angie Creasy**

4