**Affirmed and Opinion filed June 19, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00973-CR

---

**MICHAEL LEE THOM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law Number Ten
Harris County, Texas
Trial Court Cause No. 1795200**

---

## O P I N I O N

In this appeal we address two issues relating to the propriety of a warrant for a blood draw from an individual suspected of driving while intoxicated: (1) Does Texas Code of Criminal Procedure article 18.01(j) allow a police officer to obtain a warrant for a blood draw if a suspect has consented to a breath test? and (2) Is a warrant for a blood draw supported by probable cause when a suspect's breath test displays a blood-alcohol level of 0.00 but the suspect displays signs of intoxication and admits to consuming alcohol? Appellant, Michael Lee Thom raises these

issues in challenging his conviction for driving while intoxicated. He asserts that the trial court should have granted his motion to suppress evidence of the blood draw because the magistrate did not have the authority to issue a warrant under article 18.01(j) after appellant consented to a breath test and because the warrant was not supported by probable cause.

Article 18.01(j) provides a magistrate with the authority to issue a warrant for a blood draw if the suspect refuses to consent to one, regardless of whether the suspect consented to a breath test. Concluding the warrant for a blood test was supported by probable cause and that the trial court did not err in denying appellant's motion to suppress, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Shortly after 1:00 a.m., Officer JD Chambers was dispatched to investigate a possible intoxicated driver. When he arrived at the scene, another officer informed Officer Chambers that the officer had initiated a traffic stop after he observed appellant drive his truck the wrong direction down a one-way street. Officer Chambers noticed the odor of alcohol emanated from appellant's breath and person. Appellant's eyes were glassy and his speech was slightly slurred. He admitted to having consumed six beers.

Officer Chambers asked appellant to perform field sobriety tests, including the "Horizontal Gaze Nystagmus" (HGN) test, and the "One Leg Stand and Walk and Turn" test. Officer Chambers observed six clues on the HGN test. Appellant refused to finish the tests. Officer Chambers then offered appellant the opportunity to provide a breath sample. The results of the breath sample were 0.00. Officer Chambers filled out an affidavit detailing these facts and obtained a search warrant for appellant's blood. A blood sample was taken.

Appellant was subsequently charged by information with the misdemeanor

offense of driving while intoxicated (DWI). Appellant filed a motion to suppress the evidence of the blood sample on the grounds that it was seized illegally. The trial court denied appellant's motion and appellant pleaded "guilty," reserving his right to appeal the ruling. The trial court sentenced appellant to 180 days' confinement and assessed a $400 fine. The trial court suspended the sentence of confinement and ordered one year of community supervision. Appellant timely appealed.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). At a suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. We afford the same amount of deference to the trial court's application of the law to facts if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id*. We review de novo the trial court's application of the law to facts if resolution of those ultimate questions does not turn on an evaluation of credibility and demeanor. *Id*. An appellate court should uphold the trial court's ruling on a motion to suppress if it is correct on any theory of law applicable to the case. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

## ANALYSIS

In asserting that the trial court erred in denying his motion to suppress, appellant argues that the warrant for the blood draw was invalid because (1) it was

not authorized under article 18.01(j) of the Texas Code of Criminal Procedure because he agreed to provide the officer with a breath sample, (2) it was not supported by probable cause because the Breathalyzer machine reported his blood-alcohol content as 0.00 and no statement in the affidavit suggests appellant was intoxicated by any substance other than alcohol, and (3) the trial court could not rely on any statement in the affidavit suggesting that appellant was intoxicated by substances other than alcohol because the affidavit omitted any statement as to whether the officer was certified as a drug-recognition expert or whether he performed the twelve-step analysis required of drug-recognition experts.

## A. Was the warrant valid under article 18.01(j)?

Police officers may obtain a search warrant for a suspect's blood as part of a driving-while-intoxicated investigation. *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002); Tex. Code Crim. Proc. Ann. art. 18.01(j) (West Supp. 2013).[1] Blood constitutes an item which may be searched under the authority of article 18.02(10). *Clay v. State*, 391 S.W.3d 94, 97 n.7 (Tex. Crim. App. 2013). A search warrant executed under the authority of this statutory provision must be issued by a judge of a municipal court of record or a county court who is licensed as an attorney by the State of Texas, a statutory county court judge, a district court judge, a judge of the Court of Criminal Appeals, including the presiding judge, a justice of the Supreme Court of Texas, including the chief justice, or a magistrate with jurisdiction over criminal cases serving a district court unless the warrant is obtained under subsections (d), (i), and (j) of article 18.01. Tex. Code Crim. Proc. Ann. art. 18.01(c) (West Supp. 2013).

Appellant asserts that because the warrant was issued by a county court

---

[1] Unless otherwise specified, all statutory references are to the Texas Code of Criminal Procedure.

magistrate judge, the warrant must comply with the requirements of article 18.01(j). He argues that a warrant for his blood specimen was not authorized under this provision because he provided a breath specimen. He asserts that under the plain language of the statute, an individual who provides a breath specimen has consented to a "breath or blood alcohol test." We presume for the sake of argument that appellant proved the warrant could not be issued under subsections (d) or (i) and that the magistrate issued the warrant under the authority of article 18.01(j). Article 18.01(j) provides that any magistrate who is an attorney licensed in Texas may issue a warrant under article 18.02(10) to collect a blood specimen from a person who:

> (1) is arrested for an offense under Section 49.04, 49.045, 49.05, 49.06, 49.065, 49.07, or 49.08, [of the Texas] Penal Code; and
>
> (2) refuses to submit to a breath or blood alcohol test.

Tex. Code Crim. Proc. Ann. art. 18.01(j). Under the unambiguous language of this statute, a magistrate who is a licensed Texas attorney has authority to issue a warrant under article 18.02(10) to collect a blood specimen from a person arrested for one of the offenses listed in article 18.01(j)(1) and who refuses to submit to either a breath test or a blood-alcohol test. *See id.* Article 18.01(j) does not require that the person have refused to submit to a breath test for the magistrate to have authority to issue a warrant. *See id.* Appellant was arrested for driving while intoxicated, which is one of the offenses listed in article 18.01(j)(1), and appellant refused to submit to a blood-alcohol test. Appellant's submission to a breath test did not deprive the magistrate of authority under article 18.01(j). *See id.* Accordingly, we reject this argument as a basis for appellant's challenge to the trial court's suppression ruling.

**B. Was the search warrant supported by probable cause?**

In his second argument, appellant asserts that the warrant was not supported by probable cause because his breath test showed he had a blood-alcohol content of 0.00 and the officer did not conduct any further investigation to show that he was under the influence of any intoxicant other than alcohol. Appellant argues that the breath test is the "gold standard" for determining blood-alcohol content and that the trial court could not have found probable cause to support issuing a warrant because there was no other scientific evidence that he was intoxicated.

Article 18.01(c) provides that a search warrant may not be issued under article 18.02(10) unless the sworn affidavit required by article 18.01(b) sets forth sufficient facts to establish probable cause (1) that a specific offense has been committed, (2) that the specifically described property or item to be searched for or seized constitutes evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or item constituting evidence to be searched for or seized is located at or on the particular person, place, or thing to be searched. Tex. Code Crim. Proc. Ann. art. 18.01(c) (West 2014). A search warrant cannot issue unless it is based on probable cause as determined from the four corners of the affidavit. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b); *Flores v. State*, 319 S.W.3d 697, 702–03 (Tex. Crim. App. 2010). Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a "fair probability" or "substantial chance" that evidence of a crime will be found at the specified location, in this case in appellant's blood. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 257 n.13 (1983)). In his determination of whether probable cause exists, the magistrate may interpret the probable-cause affidavit in a non-technical, common-sense

manner and he may draw reasonable inferences from it. *Flores*, 319 S.W.3d at 702.

The affidavit supporting the warrant contained statements in which the affiant, Officer Chambers, detailed his training and experience with alcohol detection, in addition to the following factual information:

- Officer Chambers was dispatched to investigate a possible intoxicated driver at approximately 1:15 a.m.

- Once Officer Chambers arrived on the scene, another officer informed him he had seen the suspect driving the wrong direction down a one way street, and Officer Chambers initiated a traffic stop.

- Officer Chambers noticed the driver (appellant) had glassy eyes, the odor of alcohol on his breath and person, and slightly slurred speech.

- Appellant admitted to drinking six beers.

- Officer Chambers asked appellant to perform field sobriety tests, including the HGN test, and the "One Leg Stand and Walk and Turn." Officer Chambers observed six clues on the HGN test; appellant refused to do the rest of the tests.

- Officer Chambers took appellant to the police station, where the officer offered appellant the opportunity to provide a sample of his breath and blood. Appellant provided a breath sample, which resulted in a reading of 0.00 blood-alcohol content.

- Officer Chambers opined that appellant was intoxicated due to the introduction of drugs into his system and that appellant had lost the normal use of his mental and physical faculties.

At the hearing on appellant's motion to suppress, the trial court noted that there was a breath test of 0.00 and stated that the court found there was probable cause to believe appellant was intoxicated with something other than alcohol. The trial court denied appellant's motion to suppress. The trial court did not find that there was no probable cause to believe appellant was intoxicated based on the introduction of alcohol into his body. The trial court signed an order in which it denied appellant's motion to suppress without limiting in any way the basis of this

denial. The trial court did not issue any written findings of fact and conclusions of law. Although the trial court indicated in open court that the affidavit contained facts showing a fair probability or a substantial chance that a blood test would provide evidence of intoxication based on the introduction of a substance other than alcohol, we are to uphold the trial court's decision if it is correct on any theory of law applicable to the case. *See Ross*, 32 S.W.3d at 856.

Erratic driving as well as post-driving behavior, including slurring of speech, inability to perform field-sobriety tests, bloodshot eyes and admissions by the suspect concerning what, when, and how much he had been drinking, all constitute evidence that would raise an inference that appellant was intoxicated at the time of driving. *See Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010). In his affidavit, Officer Chambers stated that appellant exhibited all of these behaviors and additionally that appellant admitted to having consumed a half-dozen beers.[2] These facts constituted sufficient evidence to establish a fair probability or substantial chance that a blood-alcohol test would reveal evidence that appellant had been driving while intoxicated. *See Foley v. State*, 327 S.W.3d 907, 912 (Tex. App.—Corpus Christi 2010, pet. ref'd) (affidavit stating that defendant smelled strongly of alcohol, had red and glassy eyes, slurred speech, poor balance, and refused to provide breath or blood sample contained sufficient facts to support probable cause for requiring blood sample); *Learning v. State*, 227 S.W.3d 245, 249 (Tex. App.—San Antonio 2007, no pet.) (officer had probable cause to arrest defendant for driving while intoxicated when officer noticed defendant veer into adjacent lane four times, emitted a strong odor of alcohol, and admitted he had been drinking); *State v. Cullen*, 227 S.W.3d 278, 282 (Tex. App.—San Antonio

---

[2] Appellant argues that the affidavit did not state when he drank the six beers, but we conclude appellant's admission in conjunction with his behavior was sufficient evidence to establish a fair probability or substantial chance that a blood-alcohol test would reveal he was intoxicated.

2007, no pet.) (probable cause existed for warrantless arrest when defendant drove vehicle into telephone pole, officer detected odor of alcohol on defendant's breath and defendant failed field sobriety tests).

Appellant argues that because the breath test registered his blood-alcohol content at 0.00, the magistrate could not have found probable cause to order a blood sample even in light of the facts contained in the affidavit. We disagree. Although courts frequently rely on the results of a breath test to indicate an individual's blood-alcohol content, the breath test is not an infallible measure of an individual's blood-alcohol level. *See e.g. Kercho v. State*, 948 S.W.2d 34, 38 (Tex. App.—Houston [14th Dist.] pet. ref'd) (both parties agreed that no valid results were obtained from the breath test). *See also Reynolds v. State*, 204 S.W.3d 386, 390–91 (Tex. Crim. App. 2006) (trial court must determine whether breath test technique was properly applied in accordance with the department's rules, on the occasion in question).

It is significant that appellant displayed many classic signs of intoxication and admitted to having consumed six beers. These facts support the determination that appellant was intoxicated notwithstanding the results from the breath test. Officer Chambers's affidavit contained facts indicating a fair probability or a substantial chance that a blood test would provide evidence that appellant was intoxicated.[3] Accordingly, the trial court did not err in determining probable cause existed to support the warrant for a sample of appellant's blood. *See Kirsch*, 306 S.W.3d at 745. Appellant's argument is without merit.

---

[3] At one place in his affidavit, Officer Chambers opined that appellant was intoxicated due to the introduction of drugs into his system. In spite of this statement, the facts transcribed in the affidavit show there was probable cause to believe that a blood test would provide evidence that appellant was intoxicated based on the introduction of alcohol into his body.

## C. What is the effect of the omissions made the subject of appellant's complaints?

At various parts of his brief, appellant complains that Officer Chambers's affidavit omits the following information: (1) the alleged fact that Officer Chambers did not conduct any drug-recognition evaluation of appellant to provide a basis to believe that appellant was intoxicated by reason of the introduction of a substance other than alcohol into the body, (2) any statement as to whether Officer Chambers had any drug-recognition or medical training, (3) any information as to whether Officer Chambers was a drug-recognition expert, (4) whether Officer Chambers had a certification as a drug-recognition expert, or (5) whether Officer Chambers followed the procedures required of a drug-recognition expert.

To the extent that appellant relies upon these alleged omissions as a basis for arguing that the trial court erred in concluding Officer Chambers's affidavit contained facts indicating a fair probability or a substantial chance that a blood test would provide evidence that appellant was intoxicated, this argument lacks merit because, as discussed above, the trial court's ruling can be affirmed based on facts in the affidavit indicating a fair probability or a substantial chance that a blood test would provide evidence that appellant was intoxicated by reason of the introduction of alcohol into his body. Because it is not necessary to address whether the affidavit contained facts indicating a fair probability or a substantial chance that a blood test would provide evidence that appellant was intoxicated by reason of the introduction of a substance other than alcohol into his body, any such omissions from the affidavit do not change our conclusion that the trial court did not err in denying appellant's motion to suppress.

Appellant also appears to rely upon these alleged omissions as a basis for a complaint under the *Franks* case. *See Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). We presume, without deciding, that a *Franks*

complaint may be based on material omissions.[4] In *Franks*, the Supreme Court of the United States concluded that, if a probable-cause affidavit includes a false statement that was made knowingly, intentionally, or with reckless disregard for the truth and that was necessary to establish probable cause, the warrant is rendered invalid under the Fourth Amendment. *Franks*, 438 U.S. at 155–56, 98 S. Ct. at 2676. This exclusionary rule does not extend to instances in which the police are merely negligent in collecting the facts alleged in the affidavit. *Id.*, 438 U.S. at 170, 98 S. Ct. at 2674. A misstatement in an affidavit that is the result of simple negligence or inadvertence, as opposed to reckless disregard for the truth, will not make the warrant invalid. *See Dancy v. State*, 728 S.W.2d 772, 783 (Tex. Crim. App. 1987).

A defendant complaining under *Franks* must request a *Franks* hearing and make a substantial preliminary showing that an affidavit supporting a search warrant contains a false statement that was made knowingly, intentionally, or with reckless disregard for the truth. *See Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007). More specifically, the defendant must do the following:

- Allege deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the portions of the affidavit claimed to be false;

- Make an offer of proof stating the supporting reasons; and

- Show that when the portions of the affidavit alleged to be false are excised from the affidavit, the remaining content is insufficient to support issuance of the warrant.

---

[4] Neither the Supreme Court of the United States nor the Court of Criminal Appeals of Texas has addressed whether material omissions can be the basis of a *Franks* complaint. *See Massey v. State*, 933 S.W.2d 141, 146 (Tex. Crim. App. 1996); *Arnold v. State*, 47 S.W.3d 757, 760 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). We need not address this issue, nor is it necessary to address whether this court extended *Franks* to material omissions in *Melton v. State*, 750 S.W.2d 281, 284 (Tex. App.—Houston [14th Dist.] 1988, no pet.).

*Id.* Even presuming that *Franks* applies to material omissions, appellant still would be required to request a *Franks* hearing in the trial court and make a substantial preliminary showing that Officer Chambers's affidavit contains a material omission that was made knowingly, intentionally, or with reckless disregard for the truth. *See id.* But, appellant did not request a *Franks* hearing or make such a substantial preliminary showing. Therefore, to the extent appellant seeks a reversal of the trial court's ruling based on *Franks*, appellant's argument lacks merit.

## CONCLUSION

Appellant's consent to a breath test did not deprive the magistrate of authority to issue a warrant for appellant's blood draw under article 18.01(j). Even though the breath test indicated appellant's blood-alcohol content was 0.00, the warrant for the blood draw was supported by probable cause because, under the totality of the circumstances presented to the magistrate, there was a fair probability or substantial chance that evidence of a crime—that appellant had been driving while intoxicated—would be found in appellant's blood. The alleged omissions from Officer Chambers's affidavit do not show error in the trial court's ruling. Having concluded that the trial court did not err in denying appellant's motion to suppress, we overrule appellant's sole appellate issue and affirm the trial court's judgment.


/s/    Kem Thompson Frost
       Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Publish — TEX. R. APP. P. 47.2(b).