

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00285-CR
_____

MATTHEW DON HENSLEE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 18th District Court
Johnson County, Texas[1]
Trial Court No. F50386, Honorable John Edward Neill, Presiding

January 3, 2019

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Matthew Don Henslee, appellant, pleaded guilty to felony driving while intoxicated.[2] He was sentenced to ten years' imprisonment, probated to ten years of community supervision. In this appeal, appellant argues that the trial court should have granted his motion to suppress evidence. We affirm.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] See TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2017).

## Background

A deputy constable for Johnson County, Texas, Precinct 2, responded to a 911 call reporting a dark-colored Ford truck "swerving all over the road." The deputy constable initiated a traffic stop after he observed a black Ford truck, driven by appellant, following closely behind a work truck, then swerving across lane markers without signaling. The time of the stop was around 8:05 p.m. When he approached the vehicle, he saw two open beer bottles in the rear floor board, and when he made contact with appellant, he smelled the odor of an alcoholic beverage coming from the truck. Appellant's speech was slightly slurred, and he struggled to locate his driver's license. He said he had consumed six or seven vodka waters.

Within two or three minutes, a deputy from the Johnson County Sheriff's Office arrived on the scene, and the two officers conferred. The second officer, who was more experienced in DWI investigations, felt that he should continue to investigate. However, because he was from a different law enforcement agency, he needed authorization from his supervisor to take over.

Appellant exited the truck and leaned against the tailgate. The deputy constable told appellant that he might be able to call for a ride. Appellant told the officers he had twice been convicted of DWI and that they could retrieve his occupational license from the console of his truck. A supervising officer from the sheriff's department arrived on the scene around 8:22 p.m. After the officers conferred, the deputy asked appellant to perform the standard field sobriety tests, but appellant refused.

Appellant was arrested for suspicion of driving while intoxicated and violating his occupational license. He was placed in the deputy's vehicle for transport at 8:32 p.m. At the jail, appellant refused to provide blood or breath for analysis. The deputy then obtained a warrant for appellant's blood. The warrant was issued by the Judge of the Johnson County Court at Law No. 2.

Appellant was later charged with the felony offense of DWI. He filed a motion to suppress, which was denied by the trial court. He subsequently entered a plea of guilty. On appeal, appellant maintains that the trial court erred by denying his motion to suppress evidence because (1) his continued detention after the initial traffic stop was unlawful, and (2) the warrant for his blood was issued unlawfully because the evidence failed to show that he refused a request for a specimen of his blood or breath.

Standard of Review

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We view the record in the light most favorable to the trial court's determination, and will reverse the judgment only if it is arbitrary, unreasonable, or "outside the zone of reasonable disagreement." *Id.* Because the trial court is the sole trier of fact, we give almost total deference to its determination of historical facts. *Id.*

Analysis

Prolonged Detention

Appellant raises three arguments related to the denial of his motion to suppress. In his first issue, he contends that the officers did not diligently pursue their investigation after he was stopped. Appellant does not contest the initial traffic stop, but challenges his continued detention after it.

Law enforcement officers are justified in stopping a vehicle when they have reasonable suspicion to believe that a traffic violation has occurred. *Guerra v. State*, 432 S.W.3d 905, 911 (Tex. Crim. App. 2014). A traffic stop made to investigate a traffic violation must be reasonably related to that purpose and may not be prolonged beyond the time needed to complete the tasks associated with the traffic stop. *See Kothe v. State*, 152 S.W.3d 54, 63-64 (Tex. Crim. App. 2004). However, if an officer develops reasonable suspicion that the driver or another occupant of the vehicle is involved in criminal activity, the officer may continue questioning the individual after the traffic stop investigation is resolved. *St. George v. State*, 237 S.W.3d 720, 726-27 (Tex. Crim. App. 2007). The reasonableness of an extended detention depends on whether law enforcement officers diligently pursued a means of investigation that was likely to confirm or dispel their suspicions expeditiously. *United States v. Sharpe*, 470 U.S. 675, 687-88, 105 S. Ct. 1568, 84 L. Ed. 2d 605 (1985). When determining the reasonableness of the duration of a detention, courts may consider whether legitimate law enforcement purposes were served by any delay in the investigation. *Id.* at 685. "When a traffic stop detention is prolonged by a reasonable delay to comply with legitimate police policy, no

Fourth Amendment violation has occurred." *Bullock v. State*, 426 S.W.3d 226, 232 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Appellant argues that the officers' authority for detaining him ended before the deputy began his DWI investigation by offering appellant the field sobriety tests, because the officers reasonably should have completed their tasks related to the investigation before then. The State responds that the delay in the investigation was for legitimate law enforcement purposes and, consequently, appellant's continued detention was not unreasonable.

Here, appellant was stopped following an observed traffic violation. Prior to the conclusion of the traffic stop, the two officers on the scene observed that appellant had slowed or slurred speech and had difficulty in locating his driver's license. They also saw open and empty alcoholic beverage containers in appellant's vehicle and heard appellant's admission that he had consumed several alcoholic drinks prior to the traffic stop. These observations were made before the officers had positively identified appellant and checked for warrants, i.e., before the initial traffic stop was completed. Therefore, the officers developed reasonable suspicion during their initial investigation to justify an extended detention for a DWI investigation.

Although the sheriff's deputy had authority to make an arrest for DWI, he testified that he had to get clearance from his supervisor to do so, because he worked for a different law enforcement agency than the officer who made the initial traffic stop. The evidence shows that the supervisor arrived on the scene approximately sixteen minutes

after the initial stop. Within ten minutes of the supervisor's arrival, appellant was asked to perform a field sobriety test, then arrested.

We conclude that the officers possessed specific, articulable facts leading them to conclude that appellant was engaged in criminal activity and that, therefore, they had reasonable suspicion to detain him. Furthermore, the trial court could have reasonably concluded that appellant's prolonged detention—from the time the officers observed the signs suggesting that appellant was driving while intoxicated to the time he was asked to perform field sobriety tests—was not unreasonable. *See, e.g.*, *Belcher v. State*, 244 S.W.3d 531, 540-42 (Tex. App.—Fort Worth 2007, no pet.) (detention for additional twenty-seven minutes to allow another officer to perform DWI investigation was not unreasonable under the circumstances); *Smith v. State*, No. 03-06-00085-CR, 2007 Tex. App. LEXIS 1783, at *10 (Tex. App.—Austin Mar. 7, 2007, pet. ref'd) (mem. op., not designated for publication) (delaying DWI investigation approximately twenty-six minutes to await arrival of rookie officer for training purposes was reasonable, as it furthered legitimate law enforcement purposes). We conclude the trial court did not abuse its discretion in determining that appellant's detention was not unduly prolonged. We overrule appellant's first issue.

Validity of Search Warrant

In his second issue, appellant contends that the warrant issued for his blood was invalid because it did not comply with article 18.01(j) of the Texas Code of Criminal Procedure. Article 18.01(j) authorizes a magistrate to issue a warrant for a blood draw in DWI cases if the suspect refuses to consent to either a blood draw or a breath test. TEX.

6

CODE CRIM. PROC. ANN. art. 18.01(j) (West Supp. 2018); *Thom v. State*, 437 S.W.3d 556, 560 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Appellant argues that, because the affidavit in support of the warrant does not indicate that appellant refused to submit to a breath or blood test as required by article 18.01(j), the warrant was unlawful.

Chapter 18 of the Texas Code of Criminal Procedure governs the issuance of search warrants. Appellant's argument presupposes that the warrant in this case was issued pursuant to article 18.01(j) because it was issued by the judge of the county court at law, who is a "magistrate" under article 2.09 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 2.09 (West Supp. 2018). While we agree with appellant's assertion that a warrant issued under 18.01(j) requires evidence that the suspect refused to submit to a breath or blood alcohol test, we disagree with his proposition that 18.01(j) is the only available avenue for a magistrate to issue a warrant in DWI cases.

As a statutory county court judge, the Judge of Johnson County Court at Law No. 2 is one of the magistrates permitted to sign an evidentiary search warrant under article 18.01(c). TEX. CODE CRIM. PROC. ANN. art. 18.01(c). An evidentiary search warrant may issue for the extraction of blood. *Clay v. State*, 391 S.W.3d 94, 97 (Tex. Crim. App. 2013). As we explained in *Barrios v. State*, subsection (j) of article 18.01 is intended to expand, not restrict, the pool of judges who can issue a warrant to obtain a blood specimen. 452 S.W.3d 835, 846 (Tex. App.—Amarillo 2014, pet. ref'd); *see also Zalman v. State*, No. 13-13-00471-CR, 2015 Tex. App. LEXIS 1074, at *10-12 (Tex. App.—Corpus Christi Feb. 5, 2015, pet. ref'd) (mem. op., not designated for publication). Therefore, where there is no showing that the accused citizen has refused to give a specimen of breath or blood, as required for a warrant under subsection (j), law enforcement is not barred from seeking

7

a general evidentiary warrant under subsection (c), on the grounds set forth in article 18.02(a)(10).  The grounds for an evidentiary warrant issued under article 18.02(a)(10) do not include a suspect's refusal to voluntarily provide a breath or blood sample.  TEX. CODE CRIM. PROC. ANN. arts. 18.01(c), 18.02(a)(10) (West Supp. 2018).

Here, the statutory county court judge was authorized to issue the warrant for a specimen of appellant's blood pursuant to article 18.01(c) of the Texas Code of Criminal Procedure.  We therefore overrule appellant's second issue.

Article 38.23

In his third issue, appellant urges that article 38.23 of the Texas Code of Criminal Procedure mandates suppression of the evidence against him.  Article 38.23 provides that "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."  TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2018).  We have held that appellant's detention was not unlawfully extended and that the warrant for appellant's blood draw was not unlawfully issued.  Therefore, we conclude that the trial court did not abuse its discretion by denying the motion to suppress.  Appellant's third issue is overruled.

Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.


Judy C. Parker
                                                    Justice


Do not publish.