76,956-07

February 1, 2015

Court Of Criminal Appeals

Clerk, Abel Acosta

P.O. Box 12308, Capital Station

Austin, Texas 78711

RE: Ex Parte Bruce William Macon
   Writ Nos. W09-00206-H(D) and W09-00207-H(D)
   Trial Court Nos. F09-00206 and F09-00207

Dear Clerk,

Enclosed you will find "Applicant's Traverse To The Trial Court's Findings of Fact And Conclusion Of Law" in the above styled and numbered cause. Please file-stamp said instrument and bring it to the attention of the court in your usual fashion. Thank you for your time and cooperation.

Respectfully Submitted:

Bruce William Macon No.1568331

Coffield Unit

2661 F.M. 2054

Tennessee Colony, Texas 75884

CC:

Christine S. Ou

Assistant District Attorney

Frank Crowley Courts BLDG.

133 N. Riverfront Blvd..LB-19

Dallas, Texas 75207-4399

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 05 2015

Abel Acosta, Clerk

Ex Parte                                    §            In The Criminal

                                            §

                                            §            District Court

Bruce Macon                                 §

Applicant                                   §            Dallas County, Texas


**Applicant's Traverse To The Trial Court's findings Of Fact**
**And Conclusion Of Law**


To The Honorable Court Of Criminal Appeals:

Now Comes, Bruce Macon, Applicant, Pro se, and files this "Applicant's Traverse To The Trial Court's Findings Of Fact And Conclusion Of Law" asking the habeas court to grant this foregoing state post conviction writ of habeas corpus. And, in support thereof will show this Court the following:


**I**

On November 3, 2014, Applicant filed this foregoing writ of habeas corpus alleging that he was deprived effective assistance of counsel in violation of the Six and Fourteenth Amendment when his trial counsel failed to inform him that the state had offered him six months in State Jail on both offenses.


**II**

On December 17, 2014, Applicant's appointed trial attorney, Roger Lenox filed a second affidavit addressing applicant's claim that he was denied effective assistance of counsel when Mr. Lenox failed to inform applicant of the six month state jail offer made by the state. In Mr. Lenox's second (supplemental) affidavit he stated in pertinent part:

"This affidavit supplements my affidavit dated on or about October 24, 2013. I was appointed by the Court to represent Mr. Bruce Macon on or about December 01, 2009. Mr. Macon was charged with Unlawful Restraint Under 17 in cause nos. F08-63532 and F08-63533, both state jail felonies. The 180 day state jail plea offer was communicated to Mr. Macon as a temporary offer. I recall it was a "today only" offer. Mr. Macon rejected the offer straightway and without hesitation.

1

Mr. Macon was emphatic in his rejection of the offer. I returned to the prosecuor and communicated Mr. Macon's rejection of the state jail plea offer. I remember it well as it was a most generous offer in light of the charges, evidence and potential range of punishment. The entire exchange, offer and rejection, began and ended within a matter of a few minutes." (See: Second affidavit of Roger Lenox, Dated December 17, 2014).

### III

On January 5, 2015, the criminal District Court No. 1, of Dallas County, Texas made it's "Findings Of Fact And Conclusion Of Law" finding that:

"The Court has reviewed the district attorney's file for any mention of the 180 day plea bargain offer. No such offer was ever written on the original files or on the re-indictment files. Lenox states that the 180 day offer was a "temporary offer" and a "today only" offer. Applicant rejected the offer "straightway and without hesitation" and Applicant was "emphatice" in his rejection of the offer. Lenox recalls the offer because it was "most generous" in light of the charges, evidence and potential range of punishment. The entire offer and rejection "began and ended within a matter of a few minutes." (See: Findings Of Fact, pp.3).

The trial court then concluded that:

"Applicant has failed to prove that he received ineffective assistance of counsel. Applicant did not prove that but for the ineffective advice of counsel there is a reasonable probability that Applicant would have accepted the plea offer. Applicant has not been denied any of the rights guaranteed him by the United States Constitution or the Texas Constitution. Appliant is legally confined and restrained." (See: Conclusion Of Law, pp.3)

### IV

Applicant now contends that the findings of fact and conclusion of Law recommended by the trial court should be overruled because the trial court's findings and conclusion is contradicted by the record for three reasons.

First, the trial court's findings that he reviewed the district attorney's file for any mention of the 180 day plea bargain offer, but "no such offer was

2

ever written on the original files or on the re-indicted files" is contradicted by the record, because a review of the district court's findings Of Fact to applicant's third writ of habeas corpus, Writ No. 76,956-05 and No.76,956-06 shows that the trial court found that:

> "Applicant was initially charged with two state jail felony offenses of unlawful restraint. He was offered the minimum period of confinement-180 days- in both cases and the sentence would be concurrent with credit for backtime. Applicant rejected the plea bargain offer and insisted on a jury trial."(See: Findings Of Fact And Conclusion Of Law On Remand,pp.1-Writ No.W09-00205-H(c) and W09-00206-H(c). Therefore, the trial court's finding that "No such offer was ever written on the original files" must be overruled, because such a finding has resulted in an unreasonable determination of the facts in light of the evidence contained within the record.

Second, the trial court's finding that the 180 day offer was a "temporary offer" and a "today only" offer, should also be overruled because trial counsel's second affidavit dated December 17, 2014, contradicts his first affidavit dated October 24, 2013, thereby making both affidavits inadmissible. Furthermore, the fact that trial counsel has given two conflicting statements while under oath, shows that trial counsel has committed perjury in violation of Section 37.02,(a)(1), Texas Penal Code subjecting him to criminal prosecution. A review of both affidavits are as follows:

**Trial Counsel's First Affidavit**

In trial counsel's first affidavit dated October 24, 2013, while addressing the issue of the 180 day state jail offer, Mr. Lenox stated in pertinent part that:

> "I promptly met with Mr. Macon and determined that he wanted a jury trial. I met with the prosecutor, Ms. Cresta Lemaster, and discussed the case. Ms. Lemaster made a plea offer within the state jail range. I believe the offer was 180 days in the state jail on both cases, to be run concurrently and credit for any backtime. Mr. Macon was insistent on maintaining his innocence and insisted on a speedy trual. **Ms. Lemaster and I met several times. Mr. Macon and I met several times. She would not dismiss the cases or reduce to misdemeanors. Mr. Macon would not accept the plea offers within the state jail range of punishment. The cases were set for jury trial on March 30, 2009.**"

3

Here, in Mr. Lenox's first affidavit the record shows that Mr. Lenox never stated that the 180 day state jail offer was a "today only" offer as stated in second affidavit dated December 17, 2014. To the contrary, Mr. Lenox stated in his first affidavit that--**"Ms. Lemaster and I met several times. Mr. Macon and I met several times. She would not dismiss the cases or reduce to misdemeanors. Mr. Macon would not accept the plea offers within the state jail range of punishment."**

In summary, the record shows that trial counsel's first affidavit states that the State's offer lasted for at least two months, while trial counsel's second affidavit states that the State's offer was a "today only" offer "which began and ended within a matter of a few minutes". (See: First Affidavit of Roger Lenox, Dated October 24, 2013) compared to (Second Affidavit of Roger Lenox, Dated December 17, 2014).

**Trial Counsel's Second Affidavit**

In trial coujnsel's second affidavit dated December 17, 2014, while addressing the issue of the 180 day state jail offer, Mr. Lenox made conflicting statements when he stated that:

> "The 180 day state jail plea offer was communicated to Mr. Macon as a temporary offer. I recall it was a "today only" offer. Mr. Macon rejected the offer straightway and without hesitation. Mr. Macon was emphatic in his rejection of the offer. I returned to the prosecutor and communicated Mr. Macon's rejection of the state jail plea offer. I remember it well as it was a most generous offer in light of the charges, evidence and potential range of punishment. The entire exchange, offer and rejection, began and ended within a matter of a few minutes."

Here, in Mr. Lenox's second affidavit the record shows that Mr. Lenox gave conflicting statements when he stated --"I recall it was a "today only" offer--after stating that--"Ms. Lemaster and I met several times. Mr. Macon and I met severaltimes She would not dismiss the case or reduce to misdemeanor. Mr. Macon would not accept the plea offer within the state jail range of punishment"--in his first affidavit.

Furthermore, the two affidavits also shows that Mr. Lenox made conflicting statements in his second affidavit when he stated that --"The entire exchange, offer and rejection, began and ended within a matter of a few minutes"-- after stating that--"Ms. Lemaster and I met several times. Mr. Macon and I met several times. She

4

would not dismiss the cases or reduce to misdemeanors. Mr. Macon would not accept the plea offers within the state jail range of punishment"—in his first affidavit.

Applicant maintains that trial counsel never informed him of the 180 day state jail offer and states that Mr. Lenox is lying to cover up his deficient performance in failing to inform him of that offer. (See: Affidavit of Bruce Macon, Exhibit No.3) And the fact that Mr. Lenox has given two conflicting statements regarding the plea offer supports applicant's claim that Mr. Lenox never informed him of the 180 day state jail offer. Applicant further maintains that he would have accepted the 180 day state jail offer had he been informed of the offer. Applicant maintains that he knew the seriousness of the charges against him because he has four prior felony convictions. Therefore, he knew that the charges would not be dismissed under any circumstances. Applicant maintains that considering the fact that he was already a four time looser, it should be ovious to the court that he would have taken the 180 day offer if he had been given the opportunity to do so.

Furthermore, the fact that Mr. Lenox has given two conflicting statements in his affidavits supports applicant's claim, because the record shows that Mr. Lenox has committed perjury in violation of Section 37.02, Texas Penal Code, making both affidavits inadmissible in any criminal or civil proceeding. Hardy V. State, 213 S.W. 3d 916,919(Tex. Crim. App.2007). Consequently, the trial court's findings of Facts stating that—"Lenox states that the 180 day offer was a "temporary offer" and a "today only" offer which began and ended within a matter of a few minutes"—should be overruled based upon Mr. Lenox's conflicting affidavits, because trial counsel's cannot change their statements at will, inorder to hide the fact that they failed to provide reasonably effective assistance of counsel. Texas Penal Code § 37.02(Vernon Supp. 2005); Hardy, 213 S.W.3d 916, 919(Tex. Crim. App. 2007).

Consequently, the trial court's conclusion of law holding that—"Applicant has failed to prove that he received ineffective assistance of counsel. Applicant did not prove that but for the ineffective advice of counsel there is a reasonable probability that Applicant would have accepted the plea offer. Applicant has not been denied any of the rights guaranteed him by the United States Constitution or the Texas Constitution. Applicant is legally confined and restrained." —should be over- ruled because the trial court's decision is based upon false affidavits made by Mr. Lenox, and has resulted in an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

5

Third, the trial court's findings of fact and conclusion of law should be over-ruled because the trial court failed to investigate or consider applicant's witness affidavits from Jeanette Dixon, Applicant's girlfriend (Exhibit No. 1), and Michell Lankford, Applicant's sister (Exhibit No. 2). Both of these witnesses stayed in constant contact with Mr. Lenox from the first week that Mr. Lenox was appointed to represent applicant until applicant was tried and convicted by the coury..The fact that Mr. Lenox informed applicant's family of all plea bargains is supported by a letter from Mr. Lenox stating that he communicated to Mr. Macon through his family. (See: Letter from Mr. Lenox stating that he communicated to applicant through his family, Jeanette Dixon and Michelle Lankford, Exhibit No.4).

The evidence presented in these affidavits were vital to applicant's habeas corpus preceeding, because both of these witnesses were in constant contact with Mr. Lenox during the plea bargain process and both of these witnesses had given sworn affidavits stating that Mr. Lenox never informed them of the 180 day state jail offer, but that he did inform them of the twenty year plea offer. (See: Exhibit No. 1, Affidavit of Jeanette Dixon, and Exhibit No. 2, Affidavit of Michelle Lankford).

However, the record shows that the trial court failed to consider applicant's witness affidavit while addressing his claim of ineffective assistance of counsel, thereby denying applicant due process of law in violation of the fifth and fourteenth amendment. For this reason and the reasons stated above, the "Findings of Fact And Conclusion of Law" of the trial court is unreliable, because it is not supported by the record. Ex Parte Brandley, 781 S.W.2d 886, 887(Tex. Crim. App.1989). In conclusion, the recommendation of the trial court must be overruled and applicant's habeas corpus petition should be granted, reversing his conviction and remanding his cause back to the point of the State prosecutor offering him six months in state jail. Applicant So Moves The Court.

Respectfully Submitted:

Bruce Macon No. 1568331
Coffield Unit
2661 F.M. 2054
Tennessee Colony, Texas 75884
Applicant, Pro se

6

## Certificate Of Service

I, Bruce Macon, Applicant, Pro se, do hereby certify that a true and correct copy of this foregoing instrument has been served upon Christine S. Ou, Assistant District Attorney, Frank Crowley Courts BLDG., 133 N. Riverfront BLVD., LB-19, Dallas, Texas 75207-4399. Executed on this 1st day of February, 2015.

Sign: _____

Bruce Macon, No. 1568331

Applicant, Pro se

Exhibit Number One
(Affidavit Of Jeanette Dixon)

State Of Texas                    §

§           Sworn Affidavit

§

County Of Dallas            §

## Affidavit Of Jeanette Dixon

Before me, the undersigned authority, personally appeared Jeanette Dixon and after being duly sworn stated the following:

My name is Jeanette Dixon, and I am over 18 years of age and competent to make this affidavit. I am the Mother of Bruce Macon's children. Prior to Bruce Macon's trial, I talked to Mr. Roger Lenox on many accasions and even filed a "Non-Prosecution form" stating that I was not being held against my will on the day of this incident. While talking to Mr. Lenox he would always tell me that the State's attorney was offering Bruce twenty (20) years if he plead guilty to both offenses. But Mr. Lenox never inform me nor Bruce Macon that the State's attorney had offered Bruce six (6) months in state jail. Had I been informed of a six month state jail offer I would have insured that Bruce would have excepted the offer rather than go to trial knowing that he could receive twenty-five years to life in prison.

I further state that I have not been threatened or coerced to make this statement, nor have I received or been promised anything of value to make this affidavit. I have signed this affidavit knowingly, freely, voluntarily and because the statements made herein are true and correct.

Sign: _____
       Jeanette Dixon

Subscribed And Sworn To Before Me, the undersigned authority, on this 20th day of October, 2014.

_____
Notary Public, State of Texas

QUINN PONDEXTER
Notary Public
State of Texas
My Comm. Expires 11-12-2016

Exhibit Number Two
(Affidavit Of Michelle Lankford)

State Of Texas                              §
                                            §
                                            §        Sworn Affidavit
                                            §
County Of Dallas                            §

---

### Affidavit Of Michelle Lankford

Before Me, the undersigned authority, personally appeared Michelle Lankford and after being duly sworn stated the following:

My name is Michelle Lankford, and I am over 18 years of age and competent to make this affidavit. I am the sister of Bruce Macon and I have testimony supporting my brother's claim that Mr. Lenox never informed Bruce of a six month state jail offer. Prior to my brother's trial I called and talked to Mr. Roger Lenox on many accasions. I specifically asked Mr. Lenox what was the State trying to offer Bruce? Mr. Lenox told me that the State was offering Bruce twenty (20) years in prison if Bruce plead guilty to both offenses. Mr. Lenox never informed me nor Bruce Macon that the State's attorney had offered him six (6) months in state jail. If Mr. Lenox would have informed me or my brother of a six month state jail offer I would have insured that Bruce Macon would have excepted the offer rather than go to trial knowing that he could receive twenty-five years to life in prison. I will testify to this in a court of law.

I further state that I have not been threatened or coerced to make this statement, nor have I received or been promised anything of value to make this affidavit. I have signed this affidavit knowingly, freely, voluntarily and because the statements made herein are true and correct.

Sign: _____
         Michelle Lankford

Subscribed And Sworn To Before Me, the undersigned authority, on this 30th day of October, 2014.

_____
Notary Public, State of Texas

QUINN PONDEXTER
Notary Public
State of Texas
My Comm. Expires 11-12-2016

Exhibit Number Three
(Affidavit Of Bruce Macon)

State Of Texas                          §

                                        §

                                        §           Sworn Affidavit

                                        §

                                        §

County Of Anderson                      §


### Affidavit Of Bruce William Macon

Before me, the undersigned authority, personally appeared Bruce William Macon and after being duly sworn stated the following:

My name is Bruce William Macon, and I am over 18 years of age and competent to make this affidavit. My trial counsel, Mr. Roger Lenox stated in his affidavit that he notified me that there was a plea offer of ,as he stated--"I believe the offer was 180 days" --in state jail on both cases, but I insisted on maintaining my innocence and insisted on a speedy trial. This is a false statement. Mr. Lenox did not inform me of the offer of 180 days in state jail made by the State. Had I been informed of this six month plea offer I would have accepted this offer and taken the 180 days rather than proceed to trial knowing that I could receive 25 years to life in proson if found guilty.

When I first got indicted in cause numbers F08-63532 and F08-63533, I was informed by my trial counsel that I was charged with third degree felonies with two enhancement paragraphs on each charge(See: Indictment No.F08-63532 and F08-63533), but that the D.A. would drop one enhancement paragraph and offer me 20 years on both offenses if I plead guilty. Mr. Lenox never informed me of a six month state jail offer. To my knowledge based on information from my trial counsel and the indictments, I was charged with 3RD degree felonies (See:Indictment No. F08-63532 and F08-63533), because the top right hand corner of each indictment reads: "UNL Restraint U/17/3RD". This is proof that Mr. Lenox never informed me that I was charged with a state jail offense. This is why I wanted to go to trial, because I would not accept the first offer of 20 years offered by my trial counsel.

Sign: _____

Bruce William Macon

I, Bruce William Macon, TDCJ-ID No.1568331, being presently incarcerated in the Coffield Unit of the Texas Department of Criminal Justice, Institutional Division in Anderson County, Texas verify and declare under penalty of perjury, that the foregoing statements are true and correct.

Sign: _____

Bruce William Macon


Subscribed And Sworn To Before Me, the undersigned authority, on this ___ day of July, 2014.


_____

Notary Public, State of Texas


_____

Exhibit Number Four
(Letter From Trial Counsel, Roger Lenox)

 

# LAW OFFICE OF ROGER S. LENOX
*Attorney and Counselor at Law*

Thursday, July 26, 2012

Mr. Bennie Ramirez
PO BOX 12487
Capital Station
Austin, TX 78711-2487

**VIA Fax # 512-427-4122**

*Conf @ 1345*

Re: *State of Texas v. Bruce Macon*

Dear Mr. Ramirez:

As I communicated to Mr. Macon through his family, I do not have a file regarding his case. The relevant documents are maintained by the Court. Therefore, I have no information to mail to him.

Do not hesitate to let me know if you have questions or comments.

Sincerely,

Roger S. Lenox

CC:
Mr. Bruce Macon
#1568331
Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

P.O. BOX 222128 - DALLAS, TEXAS 75222-2128 / TELEPHONE: 214 333-3040 - FACSIMILE: 214 333 3085.
E-MAIL: Lenoxlaw@aol.com