Opinion issued December 29, 2015



In The

# Court of Appeals

For The

# First District of Texas

_____

NO. 01-15-00045-CR
NO. 01-15-00046-CR

_____

**MARSHALL SHANE LOVELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 411th District Court
Polk County, Texas
Trial Court Case Nos. 22709, 22749

## MEMORANDUM OPINION

Marshall Shane Lovell pleaded guilty to two counts of possession of a controlled substance with intent to deliver, and he was sentenced to imprisonment for 50 years. *See* TEX. HEALTH & SAFETY CODE § 481.112. Lovell asserts two issues on appeal. He argues that the trial court committed reversible error in

denying his motion to suppress evidence seized pursuant to a warrant because (1) the affidavit tendered to the magistrate to obtain the warrant did not show probable cause and (2) there was insufficient evidence to show that the affiant was properly sworn under Texas Code of Criminal Procedure article 18.01.

Finding no reversible error, we affirm.

## Background

Detective Chris Lima responded to a Crimestoppers tip which stated that a man named Shane was manufacturing methamphetamine in his home. The tip provided the address of the house where appellant Marshall Shane Lovell lived with his wife and two children. Officer Lima met Lovell outside the residence and asked whether there was methamphetamine present. Lovell responded in the affirmative, but he stated that there were "just a few crumbs for his personal use." Lovell refused to allow Officer Lima to search his home.

Officer Lima returned to his vehicle, typed a search warrant on his laptop, and sent it electronically to the printer in his office. He asked Detective Howard Smith to take the warrant from the printer and bring it to then-Judge Elizabeth Coker to have it signed. Officer Lima testified that the affidavit (labeled "Exhibit A") was three pages long when sent to the printer. The three-page document contained a description of Officer Lima's conversation with Lovell as support for probable cause for a search of the premises.

2

Detective Smith presented the warrant to Judge Coker, who signed it, then he joined Officer Lima at Lovell's residence. Officer Lima searched the house and discovered a large quantity of methamphetamine and the chemicals used to manufacture it. After he completed the search, he logged the inventory that was taken, attached the inventory and exhibit log to a search warrant return, copied the items, and returned copies to Judge Coker's office and the District Attorney's office.

The copy of the affidavit in support of the warrant provided to Judge Coker for her records had two pages instead of three, and it identified Lovell's address but did not include any facts which would lead to a showing of probable cause to search the residence. The copy's final page began with an incomplete line, but included the affiant signature line and Judge Coker's signature. Officer Lima testified that he likely made some mistake when copying the documents for Judge Coker, and that he either skipped a page or the copy machine did not feed the paper correctly. Officer Lima's case file contained the three-page version of the affidavit.

Lovell was indicted for five felonies, including two separate instances of possession of methamphetamine, the second resulting from a follow-up search pursuant to serving the warrant for his arrest. His counsel made an oral motion to suppress the evidence that was seized from the first search pursuant to the warrant written by Officer Lima. The parties stipulated that only three of the felony causes

would be involved in the motion to suppress, cause numbers 22,749–22,751. Cause 22,709 was explicitly excluded from the motion.

At the hearing on the motion to suppress, Lovell's counsel argued that because the copy of the affidavit was incomplete and Judge Coker could not remember whether the document she signed had two or three pages, there were insufficient grounds to find probable cause and the warrant was invalid. The State claimed that the absence of the second page in Judge Coker's copy was a ministerial error that should not affect the warrant or the admissibility of the evidence.

Judge Coker stated that she could not independently recall how many pages were present in Officer Lima's affidavit. She testified that her practice in reviewing search warrants was to check for compliance with the Code of Criminal Procedure and ascertain whether there was an address and a description of the illegal activity that was suspected to occur there, and that without a satisfactory demonstration of probable cause she would not sign the warrant. She also testified that her usual practice was to swear the officer in to attest to the authenticity of the affidavit. Detective Smith further testified to Judge Coker's practice when reviewing warrants, and he stated that she would typically ask the officers to describe the probable cause and make them swear under oath that it was correct.

The trial court denied Lovell's oral motion to suppress. At Lovell's request, the court issued findings of fact and conclusions of law. The trial court found that the affidavit given to Judge Coker was three pages long and that, while the copy on record at the judge's office was incomplete, this was a ministerial error that did not reflect the original warrant that Judge Coker signed. The trial court concluded that the search warrant was valid and the search was proper.

Lovell pleaded guilty to two charges of possession of a controlled substance with intent to deliver, under cause numbers 22,709 and 22,749. The trial court assessed punishment at imprisonment for 50 years and $2,000 in fines for each cause, with the punishment set to run concurrently. Lovell appeals the convictions in both causes.

## Analysis

### I.  Preservation of error

As an initial matter, the State argues that Lovell failed to preserve error in cause 22,709 because that cause was specifically excluded from the motion to suppress. In order to preserve error for appeal, the record must show that appellant made a timely request, objection, or motion, and that the trial court ruled on it. TEX. R. APP. P. 33.1(a); *see, e.g.*, *Garza v. State*, 126 S.W.3d 79, 81–82 (Tex. Crim. App. 2004). This requirement provides the trial court an opportunity to rule

on the objection and opposing counsel a chance to remedy the objection or provide other testimony. *Garza*, 126 S.W.3d at 82.

The record does not show that Lovell moved to suppress evidence in cause 22,709. Both parties agreed that the motion to suppress would not concern this cause. No other motion or objection relating to this cause appears in the record. Accordingly, Lovell has not made a timely request, objection, or motion, nor obtained a ruling, and has thus failed to preserve error relating to this cause. *See* Tex. R. App. P. 33.1(a)(1); *Garza*, 126 S.W.3d at 81–82.

We overrule Lovell's claims relating to cause 22,709, No. 01-15-00045-CR on appeal. However, Lovell did preserve error on cause 22,749, No. 01-15-00046-CR on appeal, through his motion to suppress, and we proceed to address his claims relating to that conviction.

## II. Sufficiency of affidavit to establish probable cause

Lovell argues that Officer Lima's affidavit was insufficient to establish probable cause to support a valid search warrant. He claims that there was insufficient evidence that Judge Coker viewed the three-page version of the affidavit as opposed to the two-page version of the affidavit. He argues that because the two-page version of the affidavit did not contain sufficient facts, it defeats probable cause and renders the warrant invalid and the subsequent search illegal.

6

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We afford almost total deference to a trial court's determination of historical facts when it is supported by the record, "especially when the trial court's fact findings are based on an evaluation of credibility and demeanor." *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When a trial court makes express findings of fact, we view the evidence in the light most favorable to this ruling and determine whether the evidence supports these factual findings. *Valtierra*, 310 S.W.3d at 447. We review the trial court's application of the law to the facts *de novo*, and will sustain the ruling if it is supported by the record and is correct on any theory of law applicable to the case. *Id.* at 447–48.

A search warrant must be supported by a sworn affidavit that sets forth facts sufficient to establish probable cause that (1) a specific offense has been committed; (2) the specifically described property or items to be searched constitute evidence of that offense; and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular place that will be searched. TEX. CODE CRIM. PROC. art. 18.01(c).

When the question before the trial court is whether probable cause supported the issuance of the search warrant, the trial court is "constrained to the four corners of the affidavit." *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011).

7

When reviewing a magistrate's decision to issue a warrant, "we apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search." *Id.* We uphold the magistrate's probable cause determination as long as the magistrate had a substantial basis for concluding that probable cause existed. *Id.*

In this case, the key question is whether the affidavit that Judge Coker reviewed contained two or three pages. In other words, the threshold issue in this case is not whether the affidavit set forth sufficient facts, but rather what properly constituted "the affidavit" brought before the magistrate. Rather than an assessment of probable cause that requires us to look solely within the four corners of the affidavit, this is a matter of historical fact that was explicitly determined by the trial court in its findings of fact. *See Guzman*, 955 S.W.2d at 89.

The trial court's determination that the affidavit was complete when Judge Coker used it to sign the warrant was supported by the record. Officer Lima testified that the affidavit was three pages in length when he sent it to the printer. Judge Coker stated that it was her practice to review the affidavit to ensure compliance with the Code of Criminal Procedure and that she would not sign a warrant that did not provide adequate probable cause. Officer Smith further supported Judge Coker's testimony as to her practice of requiring a showing of probable cause. Finally, the two-page version of the warrant was obviously

8

incomplete, as the final page began mid-sentence. This evidence is enough to support the trial court's determination that the three-page version of the affidavit was the one that was brought before Judge Coker when she signed the warrant. We defer to the trial court's factual findings accordingly. *See Valtierra*, 310 S.W.3d at 447.

Lovell does not contend that the information in the three-page affidavit was insufficient to establish probable cause, as it listed Lovell's address on the first page and described the alleged offense and premises to be searched on the second page. *See* TEX. CODE CRIM. PROC. art. 18.01(c); *McLain*, 337 S.W.3d at 271. Because the three-page version of the affidavit conformed to the requirements of Texas Code of Criminal Procedure article 18.01, we affirm the trial court's ruling that the affidavit supported probable cause, that the ensuing warrant was valid, and that the search was legal.

We overrule Lovell's first issue.

## III. Sufficiency of the evidence to show that affiant was properly sworn

Lovell asserts that there was insufficient evidence to show that Detective Smith was properly sworn before Judge Coker as a witness to the affidavit, and that this should invalidate the search warrant.

Article 18.01(b) of the Code of Criminal Procedure requires that the affiant in an application for a warrant swear that he has knowledge of the facts within the

9

affidavit and that those facts establish probable cause. TEX. CODE CRIM. PROC. art. 18.01(b); *Smith v. State*, 207 S.W.3d 787, 789–90 (Tex. Crim. App. 2006). The affidavit must be sworn in order to "impress upon the swearing individual an appropriate sense of obligation to tell the truth." *Clay v. State*, 391 S.W.3d 94, 100 (Tex. Crim. App. 2013) (quoting Wayne R. LaFave, 2 SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 4.3(e), at 521 (4th ed. 2004)). So long as the evidence shows that the affiant did personally swear to the truth of the facts in the affidavit, it is sufficient to uphold the warrant, even when there are procedural defects such as a lack of signature. *See Smith*, 207 S.W.3d at 792.

The evidence in this case was sufficient to prove that Detective Smith was sworn before he submitted the affidavit. Both Judge Coker and Detective Smith testified that it was Judge Coker's regular practice to swear in officers before reviewing an application for a warrant. Furthermore, both the affidavit and the warrant stated that the affiant swore before the magistrate, and both documents were signed by Judge Coker.

We conclude there was sufficient evidence that the affidavit was sworn under oath and that the affidavit and search warrant were valid under article 18.01(b). *See Clay*, 391 S.W.3d at 100; *Smith*, 207 S.W.3d at 790–92. Accordingly, we overrule Lovell's second issue.

## Conclusion

We affirm the judgment of the trial court.

                    Michael Massengale
                    Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).