# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00123-CR

---

**The State of Texas, Appellant**

**v.**

**Sarah Leeann Nix, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
### NO. 2017CR2590, THE HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

---

## DISSENTING OPINION

I respectfully dissent because the trial court was correct in concluding that the State adduced no evidence of an oath. By concluding otherwise, the majority creates a court-of-appeals split and smudges the oath–affidavit distinction that has run throughout decades of Court of Criminal Appeals precedent.

First bear in mind what the majority calls the evidence of an oath here: (1) the combination of the text from the preamble to Deputy Pinilla's affidavit that says "being duly sworn, on oath," and his signature on the affidavit; (2) the combination of the text from the affidavit's jurat that says "[s]ubscribed and sworn to before me" and the notary's signature, and stamp, just under that jurat; and (3) the combination of the text from the warrant that says "the Affiant, whose name appears on the Affidavit . . . and [who] did heretofore this day subscribe[] and swore to said affidavit before me" and the magistrate's signature on the warrant.

However, most of that evidence cannot constitute evidence of an oath under the *Wheeler* decisions from the Court of Criminal Appeals and the Second Court of Appeals. *See generally Wheeler v. State*, 616 S.W.3d 858 (Tex. Crim. App. 2021) [hereinafter CCA's *Wheeler*]; *Wheeler v. State*, 573 S.W.3d 437 (Tex. App.—Fort Worth 2019) [hereinafter Second Court's *Wheeler*], *aff'd by* CCA's *Wheeler*. CCA's *Wheeler* explains the arguments and holdings in Second Court's *Wheeler*, which includes rejecting as evidence of an oath the same affidavit boilerplate text that exists here—the affidavit there contained the same preamble and jurat language that the majority here relies on. *See* CCA's *Wheeler*, 616 S.W.3d at 861 & n.2. The opinion then explains that the Second Court rejected the same arguments from that language that the State makes here:

> The State had argued on appeal that the oath recitation in the affidavit's and warrant's preambles were sufficient to support a finding that the oath requirement had been satisfied. The court of appeals, however, disagreed. It reasoned that the evidence failed to show that [Officer] Bonner signed the affidavit with "'a sense of seriousness and responsibility' or with a 'sense of [his] moral duty to tell the truth,'" such that it could not find that the purposes of the oath had been satisfied. This, coupled with the affirmative evidence from [the notary] and Bonner that no oath or its equivalent actually occurred, foreclosed a finding that the oath requirement had been satisfied. Thus, the court of appeals held the warrant was defective and proceeded to consider whether the good-faith exception applied. In concluding that it did not, the court reasoned that Officer Bonner was objectively unreasonable in relying on a warrant he knew was based on an unsworn affidavit.

*Id.* at 862 (internal citations omitted) (quoting and citing Second Court's *Wheeler*, 573 S.W.3d at 443–44, 446). The majority here thus creates a court-of-appeals split with Second Court's *Wheeler* by crediting the same boilerplate-text evidence that the court there rejected.

But more than this, the explanation in CCA's *Wheeler* about the high Court's decades of oath jurisprudence shows a distinction between a probable-cause affidavit and its

2

associated predicate oath. The affidavit and the oath are not the same thing, and the oath must precede the affidavit:

> [I]t is well established under Texas law that a search warrant cannot properly issue without a probable-cause affidavit made under oath. "An oath is any form of attestation by which a person signifies that he is bound in conscience to perform an act faithfully and truthfully." "The difference between an affidavit and an oath is that an affidavit consists of a statement of fact, which is sworn to as the truth, while an oath is a pledge." Texas law has always required that the oath must be made "before" or in the presence of another to convey the solemnity and critical nature of being truthful.

*Id.* at 864 (internal citations omitted) (first quoting *Vaughn v. State*, 177 S.W.2d 59, 60 (Tex. Crim. App. 1943), then citing *Clay v. State*, 391 S.W.3d 94, 98–99 (Tex. Crim. App. 2013)). The Court added that it "has held for the better part of a hundred years that, before a written statement in support of a search warrant will constitute a 'sworn affidavit,' the necessary oath must be administered 'before' a magistrate or other qualified officer." *Id.* (internal quotation omitted) (quoting *Clay*, 391 S.W.3d at 98–99).

The "administering" or "attestation" or swearing of an oath that the Court refers to *must* exist outside the affidavit itself to be consistent with Court of Criminal Appeals precedent. *Clay* all but confirms this when it says that "the purpose of the signature on an affidavit is to memorialize the fact that the affiant took an oath" and observes that the "act of swearing [an oath], not the signature itself [on an affidavit], . . . is essential" under constitutional and statutory requirements. 391 S.W.3d at 97 (citing and quoting *Smith v. State*, 207 S.W.3d 787, 791, 792 (Tex. Crim. App. 2006)). And *Vaughn* exhibits this because there, although the affiant "did not say anything like 'I swear this is true, so help me God,'" the affiant outside the text of the affidavit told the magistrate that the affidavit's "facts were true to the best of his knowledge and belief" and signed the affidavit understanding that by doing so he was taking an oath. *See* 177 S.W.2d at 60.

3

But the kicker is CCA's *Wheeler*. The Court there held that the good-faith exception to the warrant requirement did not support the warrant because Officer Bonner "cannot be said to have acted in 'objective good faith reliance' on the search warrant." CCA's *Wheeler*, 616 S.W.3d at 867. The Court so held because under the facts presented, Officer Bonner knew the warrant "was based on an unsworn affidavit." *See id.* at 862–63. It is logically impossible for Officer Bonner to have known that his affidavit was unsworn if his affidavit's boilerplate text— virtually identical to the text here—can constitute evidence of an oath. If it were evidence of an oath, then it could not have been said that Officer Bonner knew that his affidavit was unsworn. Thus, under the reasoning in CCA's *Wheeler*, the boilerplate text that the majority here relies on cannot constitute evidence of an oath.

Beyond Deputy Pinilla's affidavit's preamble and jurat, the majority here also relies on the text of the warrant signed by Judge Stephens, specifically its statement that Deputy Pinilla swore an oath before Judge Stephens. But we *know* from Judge Stephens himself that he administered no such oath. That is, although Deputy Pinilla testified that he could not remember whether he swore any oath before Judge Stephens, Judge Stephens still found that there was no such oath made by Deputy Pinilla before Judge Stephens. The State objects to this finding because it makes Judge Stephens a material witness. But the legal barrier to judges' acting as witnesses in trials over which they are presiding is a rule of evidence—specifically, Rule of Evidence 605— and the Rules of Evidence (save for the privilege rules) do not apply in suppression hearings. *Granados v. State*, 85 S.W.3d 217, 227–28 (Tex. Crim. App. 2002). The only two parties to the conversation between Judge Stephens and Deputy Pinilla tell us, respectively, that no oath was sworn or that the party cannot remember whether any oath was sworn. Additionally, a video of this encounter, introduced into evidence as State's Exhibit 2, does not show that any oath was

4

administered.  In this specific context, concluding that the State adduced no evidence of an oath sworn by Deputy Pinilla before Judge Stephens is reasonably supported by the record.  *See Young v. State*, 283 S.W.3d 854, 873 (Tex. Crim. App. 2009) ("If the trial court's ruling regarding a motion to suppress is reasonably supported by the record and is correct under any theory of law applicable to the case, the reviewing court must affirm.").

All this leaves the State without any evidence of an oath.  None of the items that the majority relies on can constitute evidence of an oath under Court of Criminal Appeals precedents.  I therefore respectfully dissent.

 

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Filed:   March 29, 2023

Do Not Publish